UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARINA ROBREDO,<br><br>                            **Plaintiff,**<br><br>v.<br><br>METRO HONDA,<br><br>                            **Defendant.** | Civ. No. 15-8135 (KM) (JBC)<br><br>OPINION |

## MCNULTY, U.S.D.J.:

This is an action by Karina Robredo against the dealership, Metro Honda,[1] that sold her a vehicle in 2009 and leased her a second vehicle in 2010. In response to the Complaint, the defendant has filed this motion (ECF no. 6) "for an Order pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6) Dismissing the Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted; in the alternative, pursuant to F.R.Civ.P. 12(d) for entry of an Order Granting Summary Judgment in favor of Defendant and against Plaintiff because the matters complained of have already been fully litigated by the parties in their agreed upon arbitration forum." (Notice of Motion, ECF no. 6; *see also* Defendants' Brief, ECF no. 6-1 at 9) For the reasons stated in Part II & n.4, *infra*, the motion will be treated as one for summary judgment under Fed. R. Civ. P. 12(d) and 56. As set forth below, Defendant's motion for summary judgment is GRANTED.

---

[1]     Metro Honda states that its formal corporate name is Universal Global, Inc.

1

## I. Background[2]

On August 24, 2009, Ms. Robredo purchased a 2006 Honda CR-V from Metro Honda. On June 23, 2010, she entered into a lease with Metro Honda for a 2010 Honda CR-V. The Motor Vehicle Retail Order and Closed End Lease each included an arbitration clause ("Arbitration Agreement 1" and "Arbitration Agreement 2"). (*See* ECF no. 1 at 16, ECF no. 6-3 at 2) Each Arbitration Agreement is comprehensive; it covers "any claim, dispute, or controversy, including all statutory claims and any state or federal claims" arising from that particular automobile sale or lease. It gives nonexclusive examples of such claims that must be arbitrated, including "Consumer Fraud, Used Car Lemon Law, and Truth-in-Lending claims."

Ms. Robredo nevertheless filed suit in state court. *Robredo v. Metro Honda,* No. CD-8354-12 (N.J. Superior Court, Law Division, Hudson County). On June 15, 2012, Judge Lourdes Santiago entered an order dismissing the complaint, finding that plaintiff had agreed to arbitrate and compelling her to proceed with binding arbitration as to Metro Honda. (ECF no. 6-3 at 5) Robredo filed a demand for arbitration with the AAA. (ECF no. 6-3 at 8; *see also id.* at 13–17) The demand alleged that Metro Honda had committed consumer fraud in connection with the 2009 and 2010 automobile transactions. (*Id.*) She

---

[2] In this opinion, certain record citations are abbreviated as follows:

DA = Affidavit of Resa T. Drasin, ECF no. 6-2

Arbitration Agreement 1 = Motor Vehicle Retail Order, dated June 23, 2010, ECF no. 6-3 at 2–3

Arbitration Agreement 2 = Closed End Vehicle Lease, dated August 24, 2010, ECF no. 1 at 16.

Arbitration Award = AAA award in Robredo v. Metro Honda, dated Dec. 23, 2014, ECF no. 6-4 at 2.

2

proceeded *pro se* at first, but later retained counsel. After a hearing had progressed substantially, the parties reported the case settled. (DA ¶ 6)

Apparently the settlement fell apart. On April 16, 2013, Ms. Robredo filed a second demand for arbitration of the same claims. (ECF no. 6-3 at 13) This demand cited a variety of statutes, including the Federal Trade Commission Act, Truth in Lending Act, and Fair and Accurate Credit Transactions Act. Ms. Robredo questioned and disputed every aspect of the automobile transactions, stating that the price was too high, the trade in value was too low, the APR was too high, and that the whole transaction was never properly explained to her. The demand also contained more generalized allegations of fraud. Both vehicle transactions, she charged, were "complete scams."

The arbitrator dismissed the claim under the federal Truth in Lending statute, because it was not brought within the one-year statute of limitations. The remainder of the claim went forward. (ECF no. 6-3 at 19) On November 14, 2014, the arbitrator held a hearing as to both the 2009 automobile purchase and the 2010 lease. He took documentary evidence and heard testimony, including the testimony of Ms. Robredo. (ECF no. 6-4 at 2) On December 14, 2014, the arbitrator entered his award (the "Arbitration Award", ECF no. 6-4 at 2). He considered the allegations under the rubric of the New Jersey Consumer Fraud Act, the most generally applicable statute. (Ms. Robredo now seems to confirm that that was her claim in the arbitration. (ECF no. 1 at 7))

With respect to the August 24, 2009 purchase of the 2006 Honda CR-V, the arbitrator found as follows. (Arbitration Award p. 1, ECF no. 6-4 at 2) The Metro Honda Retail Motor Vehicle Order outlined all of the relevant terms, including the purchase price, down payment, trade in allowance, and balance. It bears Ms. Robredo's signature. The Retail Installment Contract stated the amount being financed, and the interest rate of 9.25%. The Retail Installment Agreement has Ms. Robredo's signature under a statement acknowledging that she has read and understood the contract. Although Ms. Robredo denied signing the documents, the arbitrator rejected her testimony and found credible the testimony of Metro Honda's witness, who stated that she did sign

3

the documents and was provided copies of them. The arbitrator rejected Ms. Robredo's contention that she was entitled to $4500 under the "Cash for Clunkers" program, because that program applied only to the purchase of new, fuel efficient vehicles, not to the purchase of a used 2006 Honda.

The arbitrator considered Ms. Robredo's post hearing submission of a statement of Commercial Bank interest rates. He did not find this pertinent, as it does not pertain to rates for used car purchases and did not incorporate the particular factors that would have gone into a credit determination as to Ms. Robredo.

As to the June 23, 2010, lease of the 2010 Honda CR-V, the arbitrator found as follows. (Arbitration Award p. 2, ECF no. 6-4 at 3) The Closed End Vehicle Lease Agreement submitted in evidence fully disclosed that the lease term was 48 months. It contained all pertinent information and terms, including the Federal Leasing Act Disclosures. The Agreement states the amount due at signing, the monthly payment, other charges, and total payments. Ms. Robredo signed a Lease Waiver Form, required under N.J. Stat. Ann. § 56:12-20, which states that "I understand that this is a lease agreement and not a purchase agreement that the property being leased may not have any equity or ownership value to me at the end of the lease and that the lease property belongs to the lessor." The arbitrator found no evidence of deception, in particular as to whether the transaction was a sale or a lease.

The arbitrator denied Metro Honda's counterclaim for attorneys' fees and costs.

The award, denying Ms. Robredo's claims, was signed by the arbitrator on December 23, 2014. (Arbitration Award p. 2, ECF no. 6-4 at 3) No appeal or motion to vacate or modify the award was filed in any court.[3]

---

[3] Two other proceedings, not directly relevant here, have been filed.

On February 26, 2014, Ms. Robredo filed a complaint with the New Jersey Office of the Attorney General, Division of Consumer Affairs, containing allegations similar to those asserted earlier. It sought refund of all payments on both automobile transactions and treble damages. (ECF no. 6-4 at 7) Counsel for Metro Honda believes that the matter has been closed. (DA ¶ 12)

On November 18, 2015, Ms. Robredo filed this action. Her Complaint (ECF no. 1) cites the Federal Trade Commission, Consumer Fraud Act, Fair and Accurate Credit Transactions, Truth in Lending Act, and Uniform Commercial Code, and seeks treble damages under the New Jersey Consumer Fraud Act. The allegations are similar to those she previously made. She claims, for example, that she was denied a Cash for Clunkers credit of $4500; that the price of the vehicle and monthly payments were higher than she had calculated; that she never signed the contracts; that the APR and insurance charges were too high; that the statute of limitations under TILA does not apply; that the arbitration was unfair and that the witnesses lied; and so forth.

Ms. Robredo also submitted several sets of exhibits. (*See* ECF nos. 8, 11, 12, 15) As an example, I cite ECF no. 8, which includes a partial copy of the Arbitration Award; literature about the Cash for Clunkers program; a copy of the 209 Retail Installment Contract (Arbitration Agreement 1); a copy of the 2010 Closed End Lease Agreement (Arbitration Agreement 2); other documents associated with the sale or lease; a chart from the State of New Jersey Department of Banking showing "average interest rates that a New Jersey lender might charge for common types of loans based on the borrower's FICO scores"; documents relating to her credit score; an auto insurance declaration sheet; and other documents.

---

Ms. Robredo filed a grievance against Metro Honda's attorney. It was investigated by a retired judge, who recommended that it be dismissed. The New Jersey Supreme Court's Disciplinary Review Board affirmed the DEC's dismissal. (DA ¶ 13)

5

## II. Nature of This Motion and Governing Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is ordinarily directed to the face of the Complaint. Where, however, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).[4]

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000).

In determining whether there is a "dispute as to any material fact," In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

---

[4] The plaintiff has recognized the motion as a one "FOR DISMISSAL AND SUMMARY JUDGMENT." (ECF no. 13) The plaintiff has submitted affidavits and extensive exhibits in support of the Complaint and in opposition to the Defendant's motion. (ECF nos. 8, 11, 12, 15) The matters raised by defendant's motion relate wholly to matters litigated in prior proceedings. Plaintiff disputes the significance, but not the existence, of those prior proceedings. She herself has, for example, cited and submitted a copy of the Arbitration Award in connection with her Complaint. I therefore have concluded that the plaintiff has been given, and has availed herself of, the opportunity to present all material pertinent to the motion. She therefore will not be placed at a procedural disadvantage by treating the motion as one for summary judgment.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, ... there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322–23).

### III. Discussion

The defendant's motion for summary judgment must be granted, and the case must be dismissed, because the claims asserted here were required to be submitted to arbitration, and were in fact denied in a binding arbitration award that was never appealed or challenged.

This is in substance an untimely motion to vacate an arbitration award. "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award if filed or

delivered." 9 U.S.C. § 12. The complaint might be dismissed for this reason alone.[5]

Defendant Metro Honda, however, invokes *res judicata* and urges that the Arbitration Award be given preclusive effect. I therefore consider the case in that light.

District Judge Bumb has usefully summarized the relevant standards:

> Judicial proceedings ordinarily accord preclusive effect to arbitrations that have already adjudicated the same claims or defenses, even when the award is unconfirmed. *See id.* at note 8 and accompanying text; *see also In re Kaplan*, 143 F.3d 807, 815 (3d Cir.1998) ( "Generally applicable res judicata rules must sometimes be adapted to fit the arbitration context."). "If any party dissatisfied with [an arbitration] award were left free to pursue independent judicial proceedings on the same claim or defenses, arbitration would be substantially worthless." *Wright, Miller, & Cooper, supra,* at § 4475.1. Although the Third Circuit has not yet defined the parameters of according preclusive effect to an unconfirmed arbitration award, the Restatement (Second) on Judgments has summarized the judicial consensus that "a valid and final award by arbitration has the same effects under the rules of res judicata ... as a judgment of a court" as long as the following five "essential elements of adjudication" are satisfied:
>
> > (a) Adequate notice to persons who are to be bound by the adjudication ...;
> >
> > (b) The right on behalf of a party to present evidence and legal argument in support of the party's contentions and fair opportunity to rebut evidence and argument by opposing parties;
> >
> > (c) A formulation of issues of law and fact in terms of the application of rules with respect to specified parties concerning a specific transaction, situation, or status, or a specific series thereof;

---

[5] Even assuming that this court would have jurisdiction, the grounds for vacating an award would be very narrow, essentially requiring, fraud, corruption, or serious misconduct by the arbitrator. 9 U.S.C. § 10(a). *See also Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396 (2008). Ms. Robreno has established no such grounds. And these restrictions cannot be circumvented by simply filing a lawsuit asserting the same claims; the finality of arbitration is not so easily avoided.

> (d) A rule of finality, specifying a point in the proceeding when presentations are terminated and a final decision is rendered; and
>
> (e) Such other procedural elements as may be necessary to constitute the proceeding a sufficient means of conclusively determining the matter in question, having regard for the magnitude and complexity of the matter in question, the urgency with which the matter must be resolved, and the opportunity of the parties to obtain evidence and formulate legal contentions.

Restatement (2d) of Judgments §§ 83, 84 (1982).

*Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 673 F. Supp. 2d 313, 320-21 (D.N.J. 2009).

I find that the prerequisites outlined in *Sheet Metal Workers* are met. There can be no doubt that the claims were arbitrable. That was decided by Judge Santiago, who entered an order dismissing Ms. Robredo's state court complaint and compelling plaintiff to proceed with binding arbitration as to Metro Honda. (ECF no. 6-3 at 5)

Ms. Robreno herself filed the two demands for arbitration and fully participated in the proceedings. She generally complains that the proceedings were unfair and the adverse witnesses lied. She does not, however, submit proof of any unfairness in the procedure. As the defendant points out, the proceedings were regular. They were conducted under AAA rules. The issues were formulated by Ms. Robreno in her demand, and refined by pre-hearing and post-hearing submissions. Ms. Robreno was on notice, and actually participated. The matter went to a hearing, at which evidence was presented, and witnesses, including Ms. Robreno herself, testified. The arbitrator made credibility determinations and entered a final award, dated December 23, 2014. No appeal or motion to vacate was filed.

New Jersey claim preclusion law, like federal law, has three essential elements: (1) a final judgment on the merits; (2) the prior suit involved the same parties or their privies; and (3) the subsequent suit is based on the same transaction or occurrence. *Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 124

N.J. 398, 412, 591 A.2d 592, 599 (1991) (state law); *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (federal law). If those three requirements are met, then the doctrine bars "the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen*, 449 U.S. at 94, 101 S. Ct. at 414; *Watkins*, 124 N.J. at 412, 591 A.2d at 599 ("Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined.") There can be no doubt that the award was final, that it involved the same parties, and that it arose from precisely the same facts and transactions alleged here.

The Arbitration Agreements were extremely broad, covering all manner of claims, state or federal. It follows that all of Ms. Robreno's claims were brought, or could have been brought, in the prior arbitration. (It is therefore of no significance that the award itself spoke only in terms of the Consumer Fraud Act.) They are therefore precluded by the arbitrator's final award.

Defendant adds in the alternative that all claims under the statutes cited in the Complaint are now time-barred. The last transaction in question took place in June 2010; the complaint in this action was filed over five years later, in November 2015. The Truth in Lending Act ("TILA"), has a one year state of limitations. 15 U.S.C. § 1640(e). Claims under the Consumer Leasing Act must be berought within one year of termination of the lease agreement. 15 U.S.C. § 1667d(a). This lease was terminated in July 2012. Plaintiff does not specify a particular section of the UCC, but a claim of breach of contract of sale, for example, must be brought within four years. N.J. Stat. Ann. § 12A:2-725. Although the plaintiff has specified no particular violation, I note also that an action under the Fair and Accurate Credit Transaction Act (relating to credit reports) must be brought within five years of the violation. 15 U.S.C. § 1681p(1). The statute of limitations, then, would be an alternative ground for dismissal.

In short, I find that there is no genuine, material issue of fact that would require a trial on the claims asserted by plaintiff.

## CONCLUSION

For the reasons set forth above, the motion (ECF no. 6) of the defendant Metro Honda (Universal Global, Inc.) for summary judgment is GRANTED and the complaint is dismissed. An appropriate order follows.

Dated: July 22, 2016

---
HON. KEVIN MCNULTY, U.S.D.J.